### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIN M. MERTENS<br><br>                          Plaintiff,<br><br>           vs.<br><br>APAC, INC.; APAC-KANSAS, INC., &<br>ASHLAND, INC.,<br><br>                         Defendants. | Case No. 07-1208-WEB |

### AGREED ORDER PROHIBITING THE DISCLOSURE OF
### CERTAIN INFORMATION AND DOCUMENTS PRODUCED IN DISCOVERY OR
### OTHERWISE MADE AVAILABLE TO PARTIES

Plaintiff and Defendant have consented to prohibit the disclosure of certain information and documents that may be produced in discovery or otherwise made available to the parties.

Based on the consent of the parties and for good cause shown, IT IS HEREBY ORDERED that the information and documents described shall not be disclosed by the parties and it is further ORDERED that:

1.     Except as may be otherwise ordered by the Court, this Protective Order shall apply to: (a) all documents produced by any party or person pursuant to any initial disclosures, request for production of documents, interrogatories, or Subpoena *Duces Tecum* served upon any party or person by any party if such document has been marked by the producing individual or entity as ":Confidential - Subject to Protective Order"; and (b) all

information of a personal nature regarding any individual, including, but not limited to, the individual's name, address, telephone number, and financial information.  (c)any and all personnel records including payment records and any and all medical records.  To the extent any disagreement arises between the parties as to whether a document is entitled to the protection of this Protective Order, such dispute shall, if unable to be resolved by the parties, be resolved by submission to the Court.  Any and all documents and information subject to such dispute shall be protected in accordance with the requirements of this Protective Order unless or until the Court rules that they are not entitled to the protection of this Protective Order.

        2.      The party receiving documents marked "Confidential - Subject to Protective Order" shall use the documents and information solely for the purposes of this litigation, and shall not, without the prior written consent of the producing individual or entity, make the documents or information available to any person other than the Court, the parties, or individuals certified by a party as necessary for trial preparation.[1]  No documents marked "Confidential - Subject to Protective Order," or information derived therefrom, shall be attached to any pleadings, motions, memoranda, or other documents filed with the court in this case or otherwise submitted to the court, except pursuant to a motion in compliance with D. Kan. Rule 5.4.6 requesting that such documents and other material be placed under seal or upon the express agreement of opposing counsel.

        3.      Any person or firm to whom such protected documents or information are to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person.

---

[1] This Protective Order shall not restrict Defendant from disclosing its own documents and information that have been marked "Confidential - Subject to Protective Order".

Counsel shall secure from each such person or firm a written statement that he or it understands[2] that, pursuant to this Protective Order, such person or firm may not divulge any such documents or information to any other person, and that he or it further submits to this Court's jurisdiction for contempt or any other appropriate proceeding in the event of any alleged violation of this Protective Order.

    4.  The provisions of this Protective Order shall survive and remain in full force and effect after the entry of Final Judgment in this case, whether by settlement or litigation.

    5.  By not disputing the marking of a document as "Confidential - Subject to Protective Order", the parties do not thereby agree that such document is confidential and do not waive any right to contest the confidentiality of such document.  The treatment of any document as confidential under this Protective Order shall not constitute evidence of its confidential nature admissible at the trial or any other proceeding addressing the merits of the allegations set forth in the Complaint, the Answer, or any amendments thereto.

    IT IS SO ORDERED this 13th day of November, 2007, at Wichita, Kansas.

               s/   DONALD W. BOSTWICK
               Judge Donald Bostwick
               UNITED STATES MAGISTRATE JUDGE

SUBMITTED AND APPROVED BY:


  S/ Sean M. Dwyer
Sean M. Dwyer #14997
LAW OFFICES OF SEAN M. DWYER
111 S. Whittier, Suite 5400
Wichita, KS 67207
Telephone: (316) 689-4268
Facsimile:  (316) 689-4299
*Attorneys for Plaintiff*



   s/ Gaye B. Tibbets
Gaye B. Tibbets # 13240
 HITE, FANNING & HONEYMAN L.L.P.
100 North Broadway, Suite 950
Wichita, KS  67202-3089
Telephone:  (316) 265-7741
Facsimile :  (316) 267-7803
E-mail: tibbets@hitefanning.com
*Attorneys for Defendants*